WALLACE *v.* JEWELL.

4-7893                                    195 S. W. 2d 340

Opinion delivered June 24, 1946.

J. K. Mahoney, H. S. Yocum, Emon A. Mahony and C. A. Wright, for appellant.

Wayne Jewell, pro se, for appellee.

GRIFFIN SMITH, Chief Justice. Jessie Lee Wallace was killed September 13, 1944, through injury arising out of and in the course of his employment by Urbana Manufacturing Company. The employer reported to Arkansas Compensation Committee September 19th; and, with its insurance carrier, admitted liability to the widow and minor child September 26th. The initial payment of $22.74 covering the period from September 14th to 27th was dated September 26th. Funeral expenses of $217.95 were paid by the insurer September 20th.

Appellee, an attorney, petitioned the Commission for the allowance of a fee, asserting that "on or about" September 25th he was interviewed by Roosevelt Wallace (a brother of the dead man) and Boss Stewart. Roosevelt told appellant about Jessie Lee's death and stated that Tressie Mae had asked him (Roosevelt) to "contact" an attorney. Appellee testified that he investigated the law, prepared a trial brief, and made two or three trips in an endeavor to ascertain the facts. A contract dated September 27th, signed by Tressie Mae and appellant, by its terms employed appellee as attorney, the attorney's compensation to be twenty-five percent "of any and all sums covered, together with any expenses advanced, . . . whether such sums be obtained by compromise or by an award."

Appellee says he lost a signed copy of the instrument intended for his files, but he testified in respect of Tressie Mae's copy: "If I remember correctly, that contract was drawn up on the 25th [and] signed on the 26th: I don't know for sure."

Tressie Mae testified that when she signed the paper the insurance carrier's letter, with check, had been received, but she did not understand the transaction.

Section 32 of Act 319 of 1939 is a limitation upon the amount that may be paid for legal services.[1]

When petition for compensation was disapproved by the Referee, appellee appealed to the full Commission, alleging he was employed "on or about Sept. 23d," and asking that he be allowed "twenty-five percent of any and all amounts paid the claimants."

The Commission, in denying the fee, found that its award had been made upon information supplied in a timely manner by the employer; that there was no contest, and that the insurance carrier promptly assumed full liability. Act 319 of 1939, §§ 19 (a) and 19 (b).

On appeal to Circuit Court appellee was allowed a fee of $200, from which Tressie Mae has appealed.

It is first argued that appellee's contract for 25% of all sums recovered by contest or compromise was void. *Prima facie* the contract is not void: for the amount of recovery might have been $1,000, and in that event 25% would have been lawful, with approval of the Commission, or by court order on appeal. Total amount payable to Tressie Mae and for the benefit of her child over a period of 450 weeks would be $5,116.50, and 25% of this is $1,279.12.

Circuit Court had before it the record made for the Commission's consideration, and apparently thought, in respect of mixed questions of law and fact, that the award of $200 should be on a *quantum meruit* basis. But the Commission had found from the same record, and as a matter of fact, that no substantial services were rendered. We do not think that in doing this the Commission infringed upon the rules we have heretofore announced, which in effect constitute it a jury charged with

---

[1] Section 32. "No claim for legal services or for any other services rendered in respect of a claim or award for compensation, to or on account of any person, shall exceed 25% on first $1,000 or part thereof, plus 10 per centum on all of excess of $1,000, nor be valid unless approved by the Commission [;] or if the proceedings for review of the order of the Commission in respect of such claim or awards are had before any court, unless approved by the court. Any claims so approved shall, in the manner and to the extent fixed by the Commission or such Circuit Court, be a lien upon such compensation."

the duty of weighing all pertinent evidence that is admissible and drawing conclusions upon which action for or against the claimant must be taken. If on appeal there is substantial evidence to sustain factual findings, we do not reverse for want of evidence.

In the case at bar the Commission was not without evidence essential to its action, and Circuit Court erred in reversing. We reverse the Circuit Court judgment with directions that it reinstate the Commission's order.